STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. AP-04-19

RICHARD and MICHELE
MALINOWSKI,

Plaintiffs/Appellees

v.

**DECISION ON APPEAL**

AUDREY-LOU BENN,

Defendant/Appellant

This matter comes before the court on appeal pursuant to M. R. Civ. P. 80D(f) from a decision of the District Court granting judgment to the plaintiffs in this forcible entry and detainer action. The judgment of the District Court was entered after hearing on December 9, 2003. The appellant filed a timely appeal and a request for jury trial. By order dated May 17, 2004, this court denied the request for the jury trial having found no issues of material fact triable of right to a jury. Therefore, the appeal is limited to determining whether the District Court erred on matters of law.

The appellant argues first that the notice to terminate her tenancy was insufficient in detailing the basis for such termination and that the appellees failed to introduce a copy of the mobile home park rules. This argument ignores the fact that the basis for the termination of the tenancy was the appellant's repeated late payment of rent. A right to terminate tenancy for nonpayment of rent is authorized by statute (10 M.R.S.A. § 9097(1)(A) and (I)) without the need to prove violation of any park rules. Moreover, the specific finding of the District Court that Ms. Benn "was late in rent payments three or more times in a 12-month period" is amply supported by the

evidence including Ms. Benn's own testimony. The notifications to Ms. Benn were sufficient for purposes of the statute.

The appellant's position that three 30-day rent notices must have been validly served mistakes what the landlord must prove in a case of this type, i.e.., that the rent was not paid or was paid late at least three times within the 12 months, regardless of whether notice was served for each individual occasion.

Finally, the appellant argues that the District court erred in not upholding her attempt through counsel to pay back rent following previous litigation. However, there is no statutory or contractual right to cure under the present circumstances, and no law that the landlord must give up his right to bring a forcible entry and detainer action if the tenant makes such an offer. Indeed, the statute states that a valid ground for termination is "Violation by a tenant [by non-payment of rent] 3 or more times in a 12-month period, notwithstanding the fact that the tenant in each case corrected the violation after being notified of the violation . . ." 10 M.R.S.A. § 9097 (1) (I) (emphasis provided).

After reviewing the entire record and considering the appellant's arguments, the court finds no error of law made by the District Court. The entry will be:

Appeal DENIED; REMANDED to the District Court for issuance of writ of possession.

Dated: September 15, 2004

S. Kirk Studstrup
Justice, Superior Court

Date Filed __3/30/04_____ __Kennebec_____ Docket No. __AP04-19_____
                                    County

Action _____District Court Appeal_____
                    FED


# J. STUDSTRUP


___Richard & Michele Malinowski_____ vs. ___Audrey Lou Benn_____

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| C.H. Spurling, Esq.<br>Two Church Street<br>Gardiner, Maine  04345 | Ajaz Fiazuddin Esq<br>24 Stone St  PO BOX 2007<br>Augusta Maine            04338 |

| Date of Entry | |
|---|---|
| 3/30/04 | District Court Appeal with all papers, filed. |
| 3/30/04 | Letter from Court to attorney Fiazuddin, filed. $170.00 check returned to attorney Fiazuddin. |
| 4/2/04 | MOTION FOR TRANSCRIPT AT STATE EXPENSE, Studstrup, J.<br>Motion granted.  It is ordered that the transcript shall be prepared at State expense.<br>Copies mailed to attys of record.<br>Copy mailed to Electronic Recording Division. |
| 4/15/04 | Motion for Order Requiring the Issuance of a Writ of Possession, filed. s/Spurling, Esq.<br>Affidavit of C.H. Spurling, filed. |
| 4/21/04 | Transcript of Proceedings, filed.<br><br>Set for hearing on 4/28/04 at 2:00 p.m.  Attorneys notified by telephone of hearing date. |
| 4/26/04 | Defendant's Objection to Plaintiffs' Motion for Order Requiring the Issuance of a Writ of Possession, filed. s/Fiazuddin, Esq. |
| 4/27/04 | Plaintiffs' Reply to Defendant's Objection to Motion Requiring Issuance of a Writ and Request for Sanctions, filed. s/Spurling, Esq. (attached A&B) |
| 4/28/04 | Hearing had on appeal with Hon. Justice Kirk Studstrup, presiding. Tape #657<br>C.H. Spurling, Esq. for the Plaintiff and Ajaz Jiazuddin, Esq. for the Deft.  Oral arguments made to the court. Court GRANTS motion for stay. Court to issue Order. |
| 5/5/04 | ORDER ON MOTION, Studstrup, J. (dated 4/30/04)<br>(1) Defendant's motion for stay in issuance of a writ of possession is GRANTED; pending the outcome of the appeal.<br>(2) The plaintiffs may cash any and all "rent" checks submitted by the defendant or her daughter, such cashing of the checks will be without prejudice to any other further claim the plaintiffs may have. |